IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN JOHNSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | |
| Respondents. | : | NO. 00-2334 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Pending before this court are a Motion for Relief From Judgment (Doc. 82), filed pursuant to Federal Rule of Civil Procedure 60(b), and a Motion for Summary Judgment (Doc. 86), filed pursuant to Federal Rule of Civil Procedure 56, by a petitioner currently incarcerated at State Correctional Institution-Graterford in Graterford, Pennsylvania. For the following reasons, it is recommended that the abovementioned motions be DENIED.

I. PROCEDURAL HISTORY

The factual background and procedural history of this case have been described in detail during previous proceedings and the court shall incorporate the factual summary of the previous Report and Recommendation filed by the Honorable Arnold Rapoport on April 14, 2011 (Doc. 76), which was approved and adopted by the Honorable Petrese Tucker on May 3, 2011 (Doc. 79). On June 30, 1993, petitioner was convicted in a bench trial before the Honorable Lisa A. Richette in the Philadelphia Court of Common Pleas of first degree murder and possession of an instrument of a crime for the stabbing death of a restaurant employee in

1

Philadelphia. Petitioner was sentenced to life imprisonment for first degree murder to serve concurrently with a sentence of two and a-half to five years for possession of an instrument of a crime. Petitioner, represented by his trial counsel, Bernard L. Siegel, filed a direct appeal to the Pennsylvania Superior Court and alleged that the verdicts were supported by insufficient evidence and were against the weight of the evidence. The Superior Court rejected petitioner's claims and affirmed the judgment of conviction. Commonwealth v. Johnson, 660 A.2d 122 (Pa. Super. 1995) (No. 165 PHL 1994) (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. C-D). The Pennsylvania Supreme Court denied discretionary review on August 22, 1995. Commonwealth v. Johnson, 664 A.2d 973 (Pa. 1995).

On May 14, 1996, petitioner filed his first petition for state collateral relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541. Petitioner was appointed counsel, Daniel A. Rendine, and counsel filed an amended petition alleging that petitioner was denied due process because the trial judge was biased against petitioner and trial counsel was ineffective for failing to seek recusal of the trial judge. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. F at 4). On January 21, 1999, the PCRA court denied petitioner's petition without an evidentiary hearing, finding that the two claims had been previously litigated on direct appeal. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. F at 4). During these proceedings, on July 10, 1997, petitioner filed a second PCRA petition, which the PCRA court dismissed as cumulative on September 2, 1998.

Petitioner appealed the denial of his first PCRA petition, raising an additional claim that the PCRA court had incorrectly determined that the issue of bias had been previously litigated. On October 1, 1999, the Pennsylvania Superior Court affirmed the PCRA court's denial of petitioner's petition because on direct appeal petitioner raised through the claims of

weight and sufficiency the issue that the trial judge was biased. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. G at 3). The court had already determined on direct appeal that the claim was meritless; thus, the Superior Court found that petitioner could not re-litigate the claim directly or present it in the form of an ineffective assistance of counsel claim. Id. at 3-4. On February 11, 2000, the Pennsylvania Supreme Court denied discretionary review. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. H).

Petitioner then filed a *pro se* writ for habeas corpus on May 1, 2000 and an amended petition on October 21, 2002. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. J). Petitioner presented the following claims in his original habeas petition: (1) the evidence was insufficient to support the murder conviction; (2) the verdict was against the weight of the evidence; (3) the trial court violated the petitioner's due process rights by being biased against petitioner; (4) trial counsel was ineffective for failing to request the trial judge recuse herself; and (5) trial counsel was ineffective for waiving the petitioner's right to a trial by jury. Id. United States Magistrate Judge Arnold C. Rapoport filed a report and recommendation on February 16, 2001, which concluded that the state courts had not violated Section 2254(d) in finding the evidence sufficient, petitioner's weight of the evidence claim was noncognizable, petitioner's due process and ineffectiveness claims were procedurally defaulted as a result of the state court's earlier previous litigation rule, and petitioner's claim that trial counsel interfered with petitioner's right to a jury trial was not exhausted and would be untimely if presented to the state court. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. K). On April 4, 2005, the Honorable Petrese B. Tucker approved and adopted the report and recommendation and dismissed the habeas petition with prejudice. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. L). Judge Tucker also denied petitioner's request for certificate of appealability and rejected

petitioner's allegation of actual innocence, which was raised in an addendum to the original petition. Id.

Petitioner filed a timely notice of appeal,[1] and on March 21, 2006, the Third Circuit granted a certificate of appealability as to whether the district court erred (1) by denying petitioner's due process judicial bias claim as procedurally defaulted and (2) by denying his claim that counsel was ineffective for failing to seek the trial judge's recusal for lack of impartiality. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. M). The request for certificate of appealability was denied as to petitioner's remaining claims. Id. On September 1, 2009, the Third Circuit issued a non-precedential opinion and reversed and remanded the case for further review of claims three and four after finding that the "previously litigated" rule, which the district court relied upon in concluding petitioner had defaulted his claims in state court pursuant to an independent and adequate state procedural rule, did not preclude federal habeas review. Johnson v. DiGuglielmo, No. 05-2179, Order (3d Cir. Sept. 1, 2009) (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. N).

On April 14, 2001, Judge Rapoport issued a second report and recommendation based on the Third Circuit's remand relating to claims three and four and once again recommended denial of the habeas petition. (See Doc. 76, Rep. & Rec. 4/14/11). Judge Rapoport found that the trial court's comments did not demonstrate actual bias and the Superior Court's application of federal law was not unreasonable. Id. at 13-15. Additionally, Judge Rapoport concluded that petitioner's claim that trial counsel was ineffective should also be dismissed in light of the determination there was no bias so any motion for recusal would have been frivolous and futile. Id. at 15-18. Judge Tucker approved and adopted the report and

---

[1] During this time, petitioner filed additional untimely petitions for state collateral review, which were dismissed. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. P).

recommendation over petitioner's objections on May 3, 2011. (See Doc. 79, Order 5/3/11). Claim five, the subject of the instant motion, was undisturbed. During this time, the court also denied other motions filed by petitioner. (See Doc. 65, Pet. to Vacate Void Judgment; Doc. 66, Mot. for Part. Summary Judgment). Petitioner appealed Judge Tucker's order and the Third Circuit denied petitioner's motions for a certificate of appealability and for panel rehearing or rehearing *en banc*. (See Doc. 88, Resp. to Motions 2/8/13 Ex. DD). Petitioner also initiated an original proceeding in the Third Circuit, which was terminated. (Doc. 88, Resp. to Motions 2/8/13, Ex. EE)

Currently before this court are petitioner's motions for relief from judgment and summary judgment. On May 1, 2012, petitioner filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) regarding the fifth claim in petitioner's habeas petition, arguing that trial counsel was ineffective for allegedly interfering with petitioner's right to a jury trial. (See Doc. 82, Mot. for Relief from Judgment 5/1/12). Judge Rapoport found that this claim was unexhausted and there was procedural default for purposes of federal habeas review because petitioner could not return to state court to exhaust his claim since it would be time-barred. (See Doc. 71, Supp. Resp. to Hab. Pet. 10/18/10 at Ex. K, p. 11-14). Petitioner alleges his default should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012) and alleges he is entitled to relief based on Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012). Id. Respondents argue that Martinez does not apply and alternatively, even if Martinez did apply, petitioner is still not entitled to relief because an intervening change in law is not "extraordinary" for Rule 60(b)(6) purposes, and moreover, petitioner fails to meet the substantive requirements under Martinez, Lafler, or Frye to otherwise permit relief under Rule 60(b)(6). (See Doc. 88, Resp. to Motions 2/8/13 at 9-12). Petitioner

5

replies that petitioner does not argue that an intervening change in law constituted the required "extraordinary circumstances" under Rule 60(b), rather extraordinary circumstances resulted because the district court's ruling precluded a merits determination. (See Doc. 89, Obj. to Resp. 2/27/13 at 1-3).

Additionally, on December 4, 2012, petitioner filed the instant motion for summary judgment, which also argues default judgment, seeking the entry of a judgment reopening this litigation and issuing the writ. (See Doc., Mot. for Summary Judgment, 12/4/12). Respondents contend that this motion for summary judgment should be denied based on the record as well as because summary judgment is disfavored in cases involving constitutional issues and questions of significant public import, a summary judgment motion is only permissible when it does not conflict with the rules governing habeas, and even if appropriate to consider such a motion, petitioner has failed to meet his burden. (See Doc. 88, Resp. to Motions 2/8/13 at 15-17). Additionally, respondents argue that the motion for default judgment is frivolous because a tardy response by the state in defending a criminal judgment is not adequate basis for entry of judgment by default or the award of habeas relief. (See Doc. 88, Resp. to Motions 2/8/13 at 17).

II.     MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment on several grounds, including the catch-all category "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); see also Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A motion under Rule 60(b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez, 545 U.S. at 535. The Supreme Court has recognized that "[s]uch circumstances will rarely occur in the habeas

context." Id. As a rule of civil procedure, Rule 60(b) only "applies in habeas corpus proceedings under 28 U.S.C. § 2254 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Id. at 529 (*citing* 28 U.S.C. § 2254 Rule 11;[2] Fed. R. Civ. P. 81(a)(2)).

    A.    Second or Successive Petition

We must first determine if petitioner's motion is a second or successive habeas petition or a genuine Rule 60(b) motion for relief from judgment. Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the United States Supreme Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Gonzalez, 545 U.S. at 532 n. 4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

In the instant motion, first, petitioner asserts claim five of his habeas petition was improperly dismissed based on the court's finding of procedural default, which precluded a merits determination. (See Doc. 82, Mot. for Relief from Judgment 5/1/12 at 2). Petitioner

---

[2] Rule 11, Applicability of the Federal Rules of Civil Procedure, as amended April 26, 2004, eff. Dec. 1, 2004, was transferred to Rule 12 by amendments of March 26, 2009, eff. Dec. 1, 2009.

7

argues that in light of the Supreme Court's decision in Martinez, this court should excuse the default and consider the merits of petitioner's claim. Id. Second, petitioner argues the merits of his claim in light of the Supreme Court's decision in Lafler and Frye regarding counsel's duty to communicate plea offers to clients.³ Id. at 2-3. To the extent that petitioner relies on the Supreme Court's decision in Martinez to argue that the court's previous ruling, which precluded a merits determination, was in error, petitioner's motion does not present a "claim" and may be properly considered by this court pursuant to Rule 60(b). See id. at 532. However, to the extent that petitioner argues the merits and potentially raises new facts to argue that trial counsel rejected a plea offer, advised plaintiff to waive his right to a jury trial, and PCRA counsel failed to communicate with petitioner, petitioner has presented a new "claim" and the motion should be treated as an unauthorized second or successive petition, not a Rule 60(b) motion.

In petitioner's original habeas petition, petitioner alleged at claim five: "Trial counsel was ineffective for improperly coercing the petitioner to waive his constitutional right to be tried by a jury. Trial counsel was in essence wrong in his directions to the petitioner in refusing the plea bargain [sic] and or refusing trial by jury when infact [sic] no actual benifit [sic] could be had to the petitioner." (See Doc. 1, Habeas Petition 5/1/00 at 6). In petitioner's

---

³ In Missouri v. Frye, 132 S. Ct. 1399 (2012), the Supreme Court clarified the application of Strickland to ineffectiveness claims that arise out of trial counsel's deficient performance at the plea bargaining stage. The Court held defense counsel has the duty to communicate favorable plea offers from the prosecution. Id. at 1409. But, to meet both prongs of the Strickland test, in addition to establishing counsel's performance was deficient, the defendant must also establish prejudice, which requires a showing that there is a reasonable probability that defendant would have accepted the plea offer with the assistance of effective counsel and there is a reasonable probability the plea would have been entered without the prosecutor cancelling or the trial court refusing to accept it. Id. at 1409. On the same day, the Supreme Court considered in Lafler v. Cooper, 132 S. Ct. 1376 (2012), the question of remedies. Neither of these cases altered the substantive requirements that petitioner must meet under Strickland to make out an ineffectiveness claim nor do these cases excuse petitioner's procedurally defaulted claim.

8

supporting brief, petitioner further argued that he did not "[i]ntentionally relinquish his rights to a trial by jury, nor did he freely waive his right to a jury trial upon proper advice of counsel." (See Doc. 7, Supporting Brief 8/16/00 at 15). Petitioner argued that he was "improperly coerced into waiving his right to a jury trial by representation of counsel that if convicted in a waiver trial he would . . . receive a lesser sentence than a negotiated plea of 8 to 20 years." Id. Additionally, petitioner argued that he was not properly advised of the "essential ingredients of a jury trial," and thus, petitioner contended that his waiver was not knowing, intelligent, and voluntary.

In the instant motion, petitioner argues that the new rule of constitutional law as pronounced in Lafler and Frye established that "trial counsel can be deemed ineffective in advising a petitioner to reject a plea and go to trial." (See Doc. 82, Mot. for Relief from Judgment 5/1/12 at 2). Furthermore, petitioner argues that "[t]he extraordinary circumstance in this case is that plaintiff raised a claim that trial counsel rejected a plea offer and advised plaintiff to waive his right to a jury trial. PCRA counsel failed to communicate and speak with plaintiff." Id. at 3. This argument appears to include a new claim regarding the rejection of a plea offer. While petitioner mentioned a "negotiated plea" in his original habeas, he did not specifically argue that counsel advised him to reject a plea offer or that counsel failed to communicate a plea offer. To the extent petitioner's argument raises a new claim, based on new facts, to attack his judgment of sentence in light of Lafler and Frye, petitioner's motion should be treated as a second or successive petition. See Gonzalez, 545 U.S. at 532. This new claim addressing the rejection of a plea offer and counsel's failure to communicate that offer to petitioner is untimely under 28 U.S.C. § 2244(d) as it has been presented for the first time over ten years after the conclusion of petitioner's habeas litigation.

Petitioner may not use a Rule 60(b) motion as an end route around the bar against

9

second or successive petitions; however, to give petitioner the benefit of the doubt, the court will proceed with the analysis of petitioner's motion to the extent it challenges the ruling which precluded a merits determination – i.e., petitioner's claim under Martinez.

  B.  Rule 60(b) Motion

As stated above, relief under Federal Rule of Civil Procedure 60(b)(6) is available only in cases evidencing "extraordinary circumstances" and such circumstances rarely occur in the habeas context. See Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999); Gonzalez, 545 U.S. at 535. Although some courts have recognized that under Rule 60(b)(6) ". . . in the exceptional case . . . an action may be reinstated on account of an intervening change in the law, intervening developments in the law themselves rarely constitute the extraordinary circumstances required for relief under Rule 60 (b)(6)." Harper v. Vaughn, 272 F. Supp. 2d 527, 532 (E.D. Pa. 2003). Moreover, the Supreme Court held that a change in decisional law based on interpretation of the AEDPA's statute of limitations did not constitute an extraordinary circumstance under Rule 60(b)(6) because the lower court had applied the prevailing interpretation at that time. Gonzalez, 545 U.S. at 536 (finding it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation).

In the case at bar, claim five in petitioner's habeas petition was dismissed after a finding by this court that there was procedural default. In claim five, petitioner alleged trial counsel was ineffective for waiving the petitioner's right to a trial by jury. (See Doc. 71, Supp. Resp. to Habeas Pet. 10/18/10 Ex. J). Petitioner alleges that he should be permitted to show cause to excuse the default in light of Martinez. As such, petitioner implicitly argues that the Supreme Court's decision in Martinez constitutes an "extraordinary circumstance" justifying relief from the denial of his habeas petition. (See Doc. 88, Resp. to Motions 2/8/13 at 9-12).

10

Respondents argue that Martinez does not apply because at the time of petitioner's direct appeal, Pennsylvania did not have a rule requiring ineffectiveness claims to be raised first at state collateral review; rather, the rule deferring ineffectiveness claims until state collateral review was not established until 2002 by the Pennsylvania Supreme Court in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). (See Doc. 88, Resp. to Motions 2/8/13 at 9-10). Second, respondents argue that a change in decisional law like Martinez does not constitute "extraordinary circumstances" under Rule 60(b)(6). Id. at 10. Lastly, respondents argue that petitioner is not otherwise entitled to relief because petitioner has failed to meet the substantive requirements of Martinez, Lafler, or Frye and petitioner's attempt to assert a new claim under Lafler and Frye constitutes an untimely second or successive petition. Id. at 12-14.

A petitioner must exhaust his state remedies before seeking federal habeas review, and if the unexhausted claim would be procedurally barred in state court, then there is said to be "procedural default." See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991). When the court finds the claim to be procedurally defaulted, the petitioner is not entitled to federal habeas review unless he can show that his default should be excused. See id. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Previously, an attorney's negligence in a post-conviction proceeding did not establish cause to excuse procedural default, but the Supreme Court recently pronounced a narrow equitable exception to Coleman:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel

11

in that proceeding was ineffective.

Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012). The Court made it clear "[t]he rule of Coleman governs in all but the limited circumstances recognized [in Martinez]," which means the holding does not extend to attorney errors in proceedings other than the initial-review collateral proceedings. Id. Furthermore, even in the limited Martinez type cases, a prisoner cannot show cause for default if the "ineffectiveness-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards." Id. at 1319.

Petitioner asserts he would be able to establish cause under Martinez to excuse default; however, respondents argue that Martinez does not apply to the instant case because it was decided before Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002). Prior to Grant, defendants in Pennsylvania were required to raise ineffectiveness claims "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." Commonwealth v. Hubbard, 372 A.2d 687, 695 n.6 (Pa. 1977), *overruled by* Grant, 813 A.2d at 738. Grant established that all claims of ineffective assistance of counsel should be deferred until state collateral review and failure to raise an ineffectiveness claim would only be waived "after a petitioner had the opportunity to raise that claim on collateral review" and failed to do so. 813 A.2d at 738. The Pennsylvania Supreme Court held that the rule announced in Grant was to be applied retroactively to cases that, at the time of the Grant decision, were pending on direct review and the ineffectiveness claims had been properly raised and preserved, but the rule would not apply retroactively to cases pending on collateral review. Tillery v. Horn, 142 Fed. Appx. 66, 68 n.1 (3d Cir. 2005). In the instant case, petitioner's direct review concluded on August 22, 1995, well before the 2002 decision in Grant.

12

Additionally, petitioner's state collateral review proceedings concluded on February 11, 2000. Thus, the rule in Grant does not apply retroactively to petitioner's case. As such, petitioner was required to raise his ineffectiveness claim at the earliest stage of the proceedings in which the counsel whose effectiveness petitioner is challenging is no longer representing petitioner. As stated above, the exception established in Martinez is triggered only when ineffectiveness claims cannot be raised until collateral review. Martinez, 132 S. Ct. at 1320. Petitioner was represented by the same trial counsel, Mr. Siegel, during direct appeal and did not receive new counsel until PCRA review when Mr. Rendine represented petitioner. (Respondents' Brief 2/8/13 at 10, n.6). Thus, for purposes of assessing when petitioner was able to first raise his ineffectiveness claim, we conclude that petitioner could not sufficiently raise this claim until state collateral review. As such, because it is unclear whether the underlying exception established in Martinez should apply to a pre-Grant case where petitioner was not able to adequately raise an ineffectiveness claim until the initial state collateral review, out of an abundance of caution, we proceed with the analysis assuming Martinez is applicable to the instant case and turn to the question of whether a change in law as announced in Martinez constitutes an extraordinary circumstance for purposes of a Rule 60(b)(6) motion.

The Third Circuit has not yet addressed whether the Martinez decision constitutes an extraordinary circumstance under Rule 60(b)(6); however, this court as well as other district courts in the Third Circuit have relied on the Fifth Circuit's ruling in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012), to find that Martinez does not constitute an extraordinary circumstance. See Ford v. Wenerowicz, No. 09-3537, 2013 WL 460107, at *4 (E.D. Pa. Feb. 7, 2013); Brown v. Wenerowicz, No. 07-1098, 2012 WL 6151191, at *2-4 (E.D. Pa. Dec. 11, 2012); Vogt v. Coleman, No. 08–530, 2012 WL 2930871, at *3–4 (W.D. Pa. July 18, 2012); Fitzgerald v.

13

Klopotoski, No. 09–1379, 2012 WL 5463677, at *2–3 (W.D. Pa. Nov.8, 2012). The Fifth Circuit held that ". . . the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Adams, 679 F.3d at 320 (internal quotations omitted). There, the district court had denied the petitioner's habeas petition after finding that his ineffective assistance of trial counsel claims were procedurally defaulted under the rule of Coleman and that "ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default." Adams, 679 F.3d at 316. The Fifth Circuit reasoned that the narrow exception to the rule of Coleman established by Martinez did not constitute an extraordinary circumstance to warrant relief under Rule 60(b)(6). Adams, 679 F.3d at 320. We agree with the Fifth Circuit's analysis, and as such, we find that the Supreme Court's decision Martinez does not constitute "extraordinary circumstances" warranting relief pursuant to Rule 60(b)(6).

Furthermore, we find that petitioner has presented an insubstantial ineffectiveness assistance of trial counsel claim; therefore, even if Martinez applied to the instant pre-Grant case, and Martinez could constitute extraordinary circumstances, petitioner would still not be able to establish cause to excuse default under the substantive requirements of Martinez. To establish cause to excuse procedural default, the petitioner must show counsel was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Martinez, 132 S. Ct. at 1318. Under Strickland, an ineffectiveness claim requires the petitioner to show that (1) counsel's performance was "deficient," and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. An ineffectiveness claim that lacks merit or is wholly without factual support cannot establish cause. Martinez, 132 S. Ct. at 1319. In the instant case, petitioner has failed to demonstrate how the strategic choice of electing a bench trial over a jury

14

trial amounted to deficient performance by counsel. Petitioner's claim is wholly without factual support. Moreover, petitioner has failed to allege facts that demonstrate petitioner was prejudiced by counsel's performance of allegedly recommending a bench trial; therefore, petitioner has failed to present a substantial ineffectiveness claim. Additionally, petitioner has failed to establish PCRA counsel was grossly incompetent or acted in a prejudicial manner by making the decision to pursue other claims on collateral relief rather than this ineffectiveness claim. See Martinez, 132 S. Ct. at 1315. As such, even if Martinez applied and constituted extraordinary circumstance, petitioner would not be entitled to relief because petitioner has failed to demonstrate that his defaulted claim "has some merit." See id. at 1319.

III. Conclusion

For the reasons stated above, we conclude that petitioner had not established the existence of extraordinary circumstances warranting relief pursuant to Federal Rule of Civil Procedure 60(b)(6). As such, we recommend that petitioner's motion for relief from judgment brought pursuant to Rule 60(b)(6) should be denied. Additionally, in light of the court's finding that petitioner is not entitled to relief from judgment, petitioner's motion for default and summary judgment should be dismissed as moot.[4] (See Doc. 86, Mot. for Summary Judgment

---

[4] Petitioner alleges he is entitled to default judgment because respondents did not file a response to petitioner's Motion for Relief From Judgment within forty-five (45) days as initially ordered by Judge Rapoport. (See Doc., Mot. for Summary Judgment, 12/4/12 at 1). "Default judgment is either an extreme sanction that is heavily disfavored in habeas corpus cases, Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1985), or a measure altogether inappropriate, Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970)." Tyson v. Beard, No. 06–290, 2013 WL 4547780, at *23 (E.D. Pa. Aug. 27, 2013) (quoting Comstock v. Lawler, No. 10–3274, 2011 WL 6425335 (E.D. Pa. Dec. 20, 2011)) (other citations omitted). A state's untimely response in defending a criminal judgment is not an adequate basis for entry of a judgment by default or the award of habeas relief under 28 U.S.C. § 2254 because under the habeas statute, the petitioner bears the burden of proving he is being held in custody in violation of the constitution, laws, or treaties of the United States. See e.g., Tyson, 2013 WL 4547780 at *23; Nesmith v. Common Pleas Court of Philadelphia County, No. 09–4356, 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010); Allen,

15

12/4/12).

Therefore, we make the following:

RECOMMENDATION

AND NOW, this **31st** day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that the Motion for Relief From Judgment and Motion for Summary Judgment be DENIED.

BY THE COURT:

_s/ LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

---

424 F.2d at 138.

    Respondents have filed a comprehensive response to petitioner's Motion for Relief From Judgment and the court has determined on the merits that petitioner is not entitled to relief pursuant to Rule 60(b). Respondents' late response in the instant case does not warrant default judgment in favor of petitioner and petitioner's motion should be dismissed.