IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN JOHNSON,
   Petitioner,

v.    **FILED**    CIVIL ACTION NO. 00-CV-2334

DONALD VAUGHN, *et al.,*    MAY 24 2018
   Respondents.    KATE BARKMAN, Clerk
                     By_____ Dep. Clerk

## MEMORANDUM

**TUCKER, PETRESE B.**                                           May 23, 2018

Petitioner filed his third motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) on November 15, 2017. Petitioner filed his petition for *habeas corpus* relief in this matter on May 5, 2000. Most of the claims raised in the petition were dismissed because the petition was untimely. However, Petitioner also included an addendum to the petition and raised a claim that he was actually innocent. This Court considered that claim and determined that it lacked merit. The petition was denied and dismissed on April 7, 2005. Petitioner filed his first Rule 60(b) motion on May 1, 2012. This Court denied that motion on November 19, 2013. Petitioner filed an amendment to his Rule 60(b) motion on August 5, 2015. This Court considered the amendment and denied Petitioner's second Rule 60(b) motion on October 11, 2016. Petitioner filed the instant, his third, Rule 60(b) motion on November 15, 2017. On December 7, 2017, Petitioner filed a motion to transfer the instant Rule 60(b) motion to the Third Circuit as a request to file successive claims for *habeas corpus* relief. On April 25, 2018, the Third Circuit denied the request Petitioner filed therein for permission to proceed with a second or successive petition for *habeas corpus* relief in this court.

In the instant motion Petitioner maintains that he is actually innocent, received ineffective assistance of counsel, and argues that he is entitled to Rule 60(b) relief. He relies

upon *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 ( 3d Cir. 2017) in support of his position. In *Satterfield* the Third Circuit examined the application of the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *McQuiggin,* the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). 569 U.S. at 386. However, *McQuiggin* also held that for the untimeliness of a *habeas* petition to be excused under the fundamental miscarriage of justice exception a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 386, 401.

In *Satterfield*, the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that *McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). 872 F.3d at 155. The Third Circuit remanded to the district court and directed a full consideration of equitable circumstances because the panel considered that the district court had not "articulate[d] the requisite equitable analysis." *Id.* The Third Circuit directed that on remand the district court consider:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*

2

Despite his assertions to the contrary, Petitioner has not demonstrated extraordinary circumstances which warrant granting the requested relief. Petitioner has not presented evidence that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Neither *Satterfield* nor *McQuiggin* altered the requirement that a petitioner seeking Rule 60(b) relief must show extraordinary circumstances. *See, Gonzalez v. Crosby*, 126 S.Ct. 2641, 2647-48 (2005). Therefore, there is no reason to disturb this Court's judgment of April 7, 2005, in which the petition for *habeas corpus* relief was denied and dismissed. Also, the Court notes that because Petitioner raised substantive claims for relief in addition to his claim of actual innocence the instant Rule 60(b) motion is properly construed as a successive petition for *habeas corpus* relief. *Id.* The Third Circuit has already denied Petitioner's request to file a successive petition because Petitioner's claim for actual innocence has been denied and as he as not presented any new facts or law to support his claim. Therefore, both the instant Rule 60(b) motion and Petitioner's request to transfer the motion will be denied.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).